**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| MARCY CROFT, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | Case No. 3:25-cv-000422 |
| | § | |
| ANTHONY BUZBEE, ANTHONY | § | |
| BUZBEE, L.P. d/b/a THE BUZBEE LAW | § | |
| FIRM, and JOSE MALDONADO, | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS ANTHONY BUZBEE, ANTHONY BUZBEE, L.P. d/b/a THE BUZBEE LAW FIRM, AND JOSE MALDONADO'S RESPONSE TO PLAINTIFF'S NOTICE REGARDING THE DISMISSAL OF STATE COURT ACTIONS**

1

### DEFENDANTS DISAGREE WITH PLAINTIFF'S NOTICE

Pursuant to the Court's order, Defendants respectfully inform the Court that they disagree with Plaintiff's notice filed on June 25, 2026 (Dkt. 25).

Defendants acknowledge that the three Harris County state court actions referenced in Defendants' motion to dismiss or stay (Dkt. 15 at 25–26; Dkt. 21 at 10–12) have been dismissed with prejudice by the Harris County District Court on June 16, 2026.  However, Defendants do not agree that a dismissal precludes the application of the *Colorado River* abstention doctrine to the federal action if, and while, the underlying state action is being appealed.  *See, e.g., Baek v. Clausen,* 886 F.3d 652 (7th Cir. 2018).

In *Baek,* the United States Court of Appeals for the Seventh Circuit addressed the intersection of the *Colorado River* abstention doctrine and state-level claim preclusion (res judicata) when a parallel state court action is pending on appeal. The Seventh Circuit affirmed the district court's decision to stay a federal action under the *Colorado River* doctrine while a parallel state court appeal was pending, and to subsequently reinstate dismissal with prejudice once the state appellate court affirmed the underlying judgment.

Here, Defendants intend to vigorously pursue an appeal of the dismissal of their claims against Ms. Croft.  Defendants contend that the illegal nature of the underlying actions alleged take the conduct and lawsuit outside the scope of the Texas Citizens' Participation Act at the first-prong stage.  Second, Defendants contend that even if the TCPA applies, Defendants submitted more than sufficient evidence to establish a *prima facie* case under the second prong of the TCPA.  Finally, Defendants contend that the attorney immunity doctrine, to the extent it was the basis for the Court's order of dismissal,

cannot as a matter of law or public policy apply to shield attorneys from claims of barratry – a criminal act able to be committed only by an attorney or agents working on that attorneys' behalf.

Defendants believe these issues can and will be decided promptly in their favor on appeal and that the case against Ms. Croft will be reinstated.  And while on appeal, the case remains a basis for staying this action under the *Colorado River* doctrine.  *Baek v. Clausen,* 886 F.3d 652 (7th Cir. 2018); *see also Hearne v. Bd. of Educ. of City of Chicago,* 185 F.3d 770, 778 (7th Cir. 1999) (approving a *Colorado River* stay where "the state trial court has actually concluded its consideration of the case" and appellate review was pending.)

## **CONCLUSION**

For all of the above reasons, Defendants disagree with Plaintiff's assertion that the dismissal of the state cases eliminates all bases for this Court to grant Defendants' motion to dismiss or stay. While the underlying state case is appealed, *Colorado River* abstention may still apply, and ought to apply here, until the issues in that underlying litigation are fully *and finally* resolved.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/: Anthony G. Buzbee*
    Anthony G. Buzbee
    Attorney-in-charge
    State Bar No. 24001820
    Fed. ID No. 22679
    David C. Fortney
    State Bar No. 24068740
    Fed. ID No. 3913731

Lionel Sims, III
State Bar No. 24107465
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Phone: (713) 223-5393
Facsimile: (713) 223-5909
tbuzbee@txattorneys.com
dfortney@txattorneys.com
lsims@txattorneys.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record and parties in accordance with the Federal Rules of Civil Procedure on July 13, 2026.

*/s/ David C. Fortney*
David C. Fortney