**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| MARCY CROFT, <br><br> *Plaintiff,* <br><br> VS. <br><br> ANTHONY BUZBEE, ANTHONY BUZBEE, L.P. d/b/a THE BUZBEE LAW FIRM, and JOSE MALDONADO <br><br> *Defendants.* | CIVIL ACTION NO. 3:25-CV-000422 |

**PLAINTIFF MARCY CROFT'S RESPONSE TO DEFENDANTS'**
**DISAGREEMENT REGARDING THE STATE COURT ACTIONS DISMISSAL**

Plaintiff Marcy Croft files this response to Defendants' disagreement concerning the effect of the state-court dismissals.  *See* Dkts. 25, 27.

Defendants' *Colorado River* abstention argument was already a long shot, and the recent dismissals put it further out of reach.[1]  Defendants' request that this Court abstain or stay must overcome the "strong presumption in favor of retaining jurisdiction." *Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 465 (5th Cir. 2012); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983) ("[F]ederal courts have a virtually unflagging obligation to exercise the jurisdiction given them." (cleaned up)).  From the outset, *Colorado River* abstention was a poor fit because the state and federal suits are not parallel and not a single *Colorado River* factor favors abstention.  *See* Dkt. 20 at 23–27.

The dismissals further weaken the case for abstention, particularly under the fourth *Colorado River* factor, which considers "how much progress has been made in the two actions."  *Cone*, 460 U.S. at 21.  There has been "no substantial progress in the state case[s]," *E.E.O.C. v. Palafox Hosp., Ltd.*, 188 F. Supp. 2d 680, 683 (S.D. Tex. 2001), and the dismissals roll the clock back on any hypothetical resolution of the merits. Final judgment has not yet been entered in the consolidated state court action, but once it is, the Harris County District Court loses jurisdiction thirty days thereafter.  Tex. R. Civ. P. 329b(d).  Even if Defendants then timely appeal the dismissals, and even entertaining Defendants' best-case scenario (the TCPA ruling is completely reversed), the lawsuits

---

[1]  Contrary to Defendants' characterization, Dkt. 27 at 2, Ms. Croft has not argued that the dismissals of the state court actions "preclude[]" this Court's application of this discretionary doctrine.  Ms. Croft merely submits that the dismissals add another heavy weight to the scale leaning against abstention.

would merely return to square one before the trial court without any progress having been made on discovery or resolution of the merits.

Defendants' disagreement about the effect of the dismissals does not advance their position on abstention. First, Defendants fail to point to any Fifth Circuit authority supporting *Colorado River* abstention after dismissal of a supposedly parallel state suit. *See generally* Dkt. 27. This is hardly surprising given the Fifth Circuit's skepticism of such abstention. *See Aptim Corp. v. McCall*, 888 F.3d 129, 135 (5th Cir. 2018) (there is a "heavy thumb" on the scale against *Colorado River* abstention); *Brook-Hollow Cap., LLC v. Garcia L. Grp., PLLC*, 2026 WL 482886, at *5 n.4 (S.D. Tex. Feb. 20, 2026) (characterizing research showing "the Fifth Circuit reversed application of *Colorado River* abstention in 90% of the appealed cases" as "evidence of the heavy burden that a movant faces when seeking abstention"); *Tempur-Pedic N. Am., LLC v. Mattress Firm, Inc.*, 2017 WL 1437299, at *4 n.2 (S.D. Tex. Apr. 24, 2017) (noting that the Fifth Circuit "has never reversed a district court's decision not to abstain").

Defendants thus must reach out of circuit for support, but the cases they cite provide no solace for their position. First, the parties in *Baek v. Clausen* did "not dispute" that the federal and state actions were "'parallel' for purposes of *Colorado River*." 886 F.3d 652, 667 (7th Cir. 2018). The state and federal actions here, involving different parties and issues, are not parallel for the reasons explained in Ms. Croft's Response to Defendants' Motion to Dismiss or to Stay. Dkt. 20 at 23–24. Defendants' cases also hinged on res judicata concerns absent here. *Baek*, 886 F.3d at 656–58 (grounds for the federal RICO action were identical to counterclaims that the state court had dismissed on the merits);

2

*Hearne v. Bd. of Educ. of City of Chi.*, 185 F.3d 770, 773 (7th Cir. 1999) (federal employment discrimination action was stayed pending resolution of the plaintiff's action before the state education board on the reason for his firing). Even assuming the Harris County District Court's dismissals under the TCPA were reversed, that holding would not bind this Court for purposes of resolving Ms. Croft's claims. Defendants' statement of disagreement thus does nothing to strengthen their already tenuous abstention argument.

For these reasons, as well as those explained in Ms. Croft's Response to Defendants' Motion to Dismiss or to Stay (Dkt. 20 at 22–27), this Court should exercise its jurisdiction to resolve this dispute.

Dated: July 17, 2026

Respectfully submitted,

*/s/ Gregg Costa*

Gregg Costa
  State Bar No. 24028160
  SDTX Federal No. 32779
Sydney Scott
  State Bar No. 24088379
  SDTX Federal No. 3126470
 Kylie Calabrese
  State Bar No. 24120738
  SDTX Federal No. 3699266
 Johanna E. Smith
  State Bar No. 24126934
  SDTX Federal No. 3716571
 Tiffany Penner
  State Bar No. 24122890
  SDTX Federal No. 3850611
GIBSON, DUNN & CRUTCHER LLP
811 Main St., Suite 3000
Houston, TX 77002
Telephone: (346) 718-6600
GCosta@gibsondunn.com
SAScott@gibsondunn.com
KCalabrese@gibsondunn.com
JESmith@gibsondunn.com
TPenner@gibsondunn.com

Reed Brodsky (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
RBrodsky@gibsondunn.com

*Attorneys for Plaintiff Marcy Croft*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record and parties in accordance with the Federal Rules of Civil Procedure on July 17, 2026.

*/s/ Gregg Costa*
Gregg Costa